**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| PAUL FAGAN,<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC., JOHN DOES I-X, AND HOOK & BOOK RECOVERY SC, LLC,<br><br>Defendants. | Case No. 2:23-cv-04606-DCN<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Paul Fagan brings this action against Defendants Santander Consumer USA, Inc. ("SCUSA"), John Does I-X ("Does I-X"), and Hook & Book Recovery SC, LLC ("HBR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*, and Article 9 of the Uniform Commercial Code ("UCC"), S.C. Code § 36-9-101 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

**PARTIES**

4. Plaintiff is a natural person who at all relevant times resided in Awendaw, South Carolina.

1

5. Plaintiff is allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and S.C. Code § 37-1-301(10).

7. SCUSA is an Illinois corporation that regularly purchases or services consumer paper in the form of automobile loans, and conducts business in this district.

8. SCUSA is a debt collector as defined by S.C. Code § 37-1-301(28).

9. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained

10. Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of SCUSA.

11. At all relevant times, Does I-X were persons and/or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

12. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

13. HBR is a South Carolina limited liability company.

14. At all relevant times, HBR was acting as a repossession agent acting at the behest of SCUSA and Does I-X.

15. At all relevant times HBR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

16. HBR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

17. Prior to June 2023, Plaintiff purchased a 2017 Ram 1500 (the "Vehicle") from a non-party.

18. Plaintiff purchased and used the Vehicle for his own personal, family, and household use.

19. The Vehicle constitutes "consumer goods" as defined by S.C. Code § 36-9-102(a)(23).

20. Plaintiff purchased the Vehicle on credit and executed a loan agreement (the "Contract") which was subsequently assigned to SCUSA.

21. As part the Contract, Plaintiff granted the seller and its assignees a security interest in the Vehicle.

22. The Vehicle constitutes "collateral" as defined S.C. Code § 36-9-102(a)(12).

23. Thereafter, the Contract was assigned to SCUSA.

24. SCUSA is a "secured party" as defined by S.C. Code § 36-9-102(a)(73).

25. Thereafter, SCUSA engaged its repossession agents, Does I-X, to repossess the Vehicle.

26. Does I-X in turn hired HBR to undertake the actual repossession.

27. On or about June 8, 2023, HBR went to Plaintiff's home to repossess the Vehicle.

28. Plaintiff noticed HBR's repossession attempt and protested the repossession.

29. HBR continued the repossession in the face of Plaintiff's protests.

30. A loud and rowdy confrontation erupted during which HBR's employee engaged in physically threatening conduct, and threatened to have Plaintiff prosecuted for kidnapping if he did not cease his protests.

31. As a result, the police were summoned to the scene.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## HBR AND DOES I-X

32. Plaintiff repeats and re-alleges each factual allegation contained above.

33. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

34. Plaintiff protested HBR's repossession, and a confrontation ensued. Nonetheless, HBR attempted to continue the repossession and thereby breached the peace.

35. A repossession agent's breach of the peace negates a right to possession.

36. Because HBR breached the peace, it lost the right to continue with their repossession.

37. Nonetheless, HBR continued with the repossession after the right to do so was lost.

38. HBR violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest or when the property was exempt from such dispossession or disablement.

39. As the debt collectors that hired HBR, Does I-X are liable for HBR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that HBR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Does I-X, as the debt collectors that hired HBR, are liable for HBR's FDCPA violation.

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF S.C. CODE § 36-9-609(B)(2)
## SCUSA

40. Plaintiff repeats and re-alleges each factual allegation contained above.

41. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

42. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

43. Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." Official Commentary to S.C. Code § 36-9-609 at Comment 3.

5

44. SCUSA's repossession agents, HBR, breached the peace by continuing the repossession in the face of Plaintiff's protest.

45. SCUSA violated S.C. Code § 36-9-609 when its repossession agents, HBR, breached the peace during the repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SCUSA violated S.C. Code § 36-9-609;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 36-9-625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 36-9-625(c)(1);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF S.C. CODE § 37-5-108
## ALL DEFENDANTS

46. Plaintiff repeats and re-alleges each and every factual allegation above.

47. HBR violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; to wit, using or threatening to use force, violence, or criminal prosecution against Plaintiff, including harm to the physical person, reputation, or property of Plaintiff.

48. As the debt collectors that hired HBR, SCUSA and John Does I-X are liable for HBR's violation of S.C. Code § 37-5-108.

49. More than thirty (30) days prior to the filing of this complaint, Plaintiff filed written notice of the facts and circumstances of Plaintiff's claim of unconscionable conduct with

6

the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated S.C. Code § 37-5-108;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 13, 2023.

          Respectfully submitted,

          /s/ Chauntel Bland
          Chauntel Bland (USDC Bar No. 11064)
          463 Regency Park Drive
          Columbia, SC 29210
          Telephone: (803) 319-6262
          cbland@thompsonconsumerlaw.com
          Attorneys for Plaintiff

          **Please send correspondence to the below address**

          Chauntel Bland
          Thompson Consumer Law Group, PC
          11445 E Via Linda, Ste. 2 #492
          Scottsdale, AZ 85259